IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHARRISH MIMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 21 CV 260 |
| ) | |
| CITY OF CHICAGO, OFFICER DIAZ, OFFICER ) | |
| AHMED, OFFICER MICHAELS, OFFICER LOZA, ) | |
| OFFICER MALDONADO, OFFICER MOORE, ) | |
| OFFICER TULACZ, OFFICER REINA, OFFICER ) | |
| SZCZUR, OFFICER PRONEK, OFFICER RIVERA, ) | |
| OFFICER ZUNIGA, and OFFICER DUDA ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, PHARRISH MIMS, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Complaint against the Defendants, CITY OF CHICAGO, OFFICER DIAZ, OFFICER AHMED, OFFICER MICHAELS, OFFICER LOZA, OFFICER MALDONADO, OFFICER MOORE, OFFICER TULACZ, OFFICER REINA, OFFICER SZCZUR, OFFICER PRONEK, OFFICER RIVERA, OFFICER ZUNIGA, and OFFICER DUDA, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants during the Plaintiff's arrest on January 18, 2019.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

1

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, the CITY OF CHICAGO was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants, OFFICER DIAZ, OFFICER AHMED, OFFICER MICHAELS, OFFICER LOZA, OFFICER MALDONADO, OFFICER MOORE, OFFICER TULACZ, OFFICER REINA, OFFICER SZCZUR, OFFICER PRONEK, OFFICER RIVERA, OFFICER ZUNIGA, and OFFICER DUDA (hereafter collectively referred to as "DEFENDANT OFFICERS"). The DEFENDANT OFFICERS were at all relevant times employed by Defendant CITY OF CHICAGO as duly appointed POLICE OFFICERS acting within the course and scope of their employment and under color of law. The DEFENDANT OFFICERS are being sued in their individual capacities with respect to the federal claims. The state claim against CITY OF CHICAGO is being advanced pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On January 18, 2019, the Plaintiff was located in an alley in the west side of Chicago. While he was in the alley, the Plaintiff saw a Chicago police squad car approaching his direction. As a result, the Plaintiff left the area of the alley. A short time later, the Plaintiff was approached by Defendants DIAZ and AHMED. When the Plaintiff saw Chicago police officers were approaching him, the Plaintiff stood still and put his hands in the air to indicate that he was not resisting or posing a threat to anyone. In response, Defendant DIAZ threw the Plaintiff to the ground. There was no warning issued to Plaintiff that force was about to be used upon him before

2

he was thrown to the ground. At the time that the Plaintiff was thrown to the ground, as well as immediately before he was thrown to the ground, he was not violating any laws, he was not a threat to anyone, and there was no probable cause or legal justification to throw the Plaintiff to the ground. Upon information and belief, a police body camera recording captured the Plaintiff being thrown to the ground.

7. When the Plaintiff was on the ground after DIAZ threw him to the ground, upon information and belief, each of the DEFENDANT OFFICERS participated in a beating of the Plaintiff, which included pressure placed on the back part of the Plaintiff's body to both prevent him from moving and to inflict pain upon him, as well as punches and kicks to various parts of his body, and/or each of the DEFENDANT OFFICERS had a reasonable opportunity to prevent the harm and/or the unlawful behavior (the beating), but declined and/or failed to do so. There was no warning given to the Plaintiff that he was about to have force used upon him when he was on the ground. Upon information and belief, the Plaintiff's beating was captured on police body camera recordings.

8. The Plaintiff's actions did not warrant the use of force to which he was subjected, and his actions did not warrant the amount of force that was used against him by the DEFENDANT OFFICERS.

9. At the time that the Plaintiff was being beaten, as well as immediately before the beating, he was not violating any laws, he was not a threat to anyone, and there was no probable cause or legal justification to use force, or the amount of force that was used, upon the Plaintiff.

10. The Plaintiff was injured due to the use of force employed by the Chicago police officers. His injuries necessitated medical treatment and intervention, which included a trip to a

hospital to receive medical treatment for the physical injuries that he suffered due to his treatment by the DEFENDANT OFFICERS.

11. All of the DEFENDANT OFFICERS' above-referenced acts were intentional and/or willful and wanton and/or unreasonable.

## COUNT I - 42 U.S.C. §1983
### Excessive Force – DEFENDANT OFFICERS

12. The Plaintiff re-alleges Paragraphs 1 through 11, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 12.

13. As described above, the DEFENDANT OFFICERS used excessive, unreasonable and unwarranted force against the Plaintiff.

14. The misconduct was undertaken by the DEFENDANT OFFICERS under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

15. The acts of the DEFENDANT OFFICERS were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

16. As a direct and proximate result of the acts of the DEFENDANT OFFICERS, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, PHARRISH MIMS, prays for judgment in his favor and against the Defendants, OFFICER DIAZ, OFFICER AHMED, OFFICER MICHAELS, OFFICER LOZA, OFFICER MALDONADO, OFFICER MOORE, OFFICER TULACZ, OFFICER REINA, OFFICER SZCZUR, OFFICER PRONEK, OFFICER RIVERA, OFFICER ZUNIGA,

and OFFICER DUDA, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT II - 42 U.S.C. §1983
### Failure to Intervene – DEFENDANT OFFICERS

17. The Plaintiff re-alleges Paragraphs 1 through 16, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 17.

18. As described above, the DEFENDANT OFFICERS stood by and watched without intervening to prevent the aforesaid constitutional violations and/or deprivations to which the Plaintiff was subjected in violation of the United States Constitution, even though they each had a reasonable opportunity to prevent the harm and/or the unlawful behavior referenced above, but failed and/or declined to do so.

19. The misconduct was undertaken by the DEFENDANT OFFICERS under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

20. The acts of the DEFENDANT OFFICERS were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

21. As a direct and proximate result of the acts of the DEFENDANT OFFICERS, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, PHARRISH MIMS, prays for judgment in his favor and against the Defendants, OFFICER DIAZ, OFFICER AHMED, OFFICER MICHAELS, OFFICER LOZA, OFFICER MALDONADO, OFFICER MOORE, OFFICER TULACZ, OFFICER REINA, OFFICER SZCZUR, OFFICER PRONEK, OFFICER RIVERA, OFFICER ZUNIGA,

and OFFICER DUDA, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count III- Illinois State Law
### Indemnification - CITY OF CHICAGO

22. The Plaintiff re-alleges Paragraphs 1 through 21, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 22.

23. At all relevant times the DEFENDANT OFFICERS were acting under color of law and under the course and scope of their employment.

24. At all relevant times the CITY OF CHICAGO was the employer of the DEFENDANT OFFICERS.

WHEREFORE, the Plaintiff, PHARRISH MIMS, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the Defendants, OFFICER DIAZ, OFFICER AHMED, OFFICER MICHAELS, OFFICER LOZA, OFFICER MALDONADO, OFFICER MOORE, OFFICER TULACZ, OFFICER REINA, OFFICER SZCZUR, OFFICER PRONEK, OFFICER RIVERA, OFFICER ZUNIGA, and OFFICER DUDA, and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

> Respectfully Submitted by,
> s/Basileios J. Foutris
> BASILEIOS J. FOUTRIS
> Attorney for Plaintiff
> FOUTRIS LAW OFFICE, LTD.
> 53 W. Jackson, Suite 252
> Chicago, IL 60604
> 312-212-1200
> bfoutris@foutrislaw.com